IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN PERRY,
    Plaintiff,

v.                                          Civil Action No. 3:21cv447

HAROLD CLARKE
& TIKKI HICKS,
    Defendants.

## MEMORANDUM OPINION

Calvin Perry, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] Perry names as defendants Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC") and Tikki Hicks, the Warden of Haynesville Correctional Center ("HCC"). The matter is before the Court on the defendants' motion to dismiss. (ECF No. 17.) For the reasons stated below, the Court will deny that motion.

## I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see id.* § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory" and claims where the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS[2]

At all times relevant to the complaint, Perry was an inmate at HCC. (ECF No. 1 ¶ 2.) COVID-19 is an infectious disease. (*Id.* ¶ 7.) "COVID-19 is most commonly spread during close human contact via small droplets . . . ." (*Id.* ¶ 8.) COVID-19 has caused over 10,000 deaths in Virginia. (*Id.* ¶ 12.)

Prior to entering HCC, staff are tested for an elevated temperature. (*Id.* ¶ 13.) Perry does not believe that simply testing for elevated temperature is an adequate way of determining whether an individual has COVID-19. (*Id.* ¶ 14.) "The defendants know that their staff and contractors have daily contact with individuals outside of their employment and are at risk of being unknowingly infected with COVID-19." (*Id.* ¶ 15.) "The defendants know that COVID-19 poses a serious and significant risk of physical injury to the plaintiff who suffers from old age and

---

[2] The Court employs the pagination assigned to the documents by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

3

compromised health conditions." (*Id.* ¶ 17.) On April 20, 2020, the plaintiff submitted an informal complaint about the dangers posed to his person by infection with COVID-19 by HCC staff members to the HCC. (*Id.* ¶ 18.) In response, the defendants responded: "This issue did not cause you personal loss or harm." (*Id.*)

On December 7, 2020, Perry tested positive for COVID-19. (*Id.* ¶ 21.) Perry contends that his infection resulted from the defendants' failure "to restrict the movement of staff from facility-to-facility and building-to-building within [HCC] to minimize the risk of the virus transmission by staff." (*Id.*) As of the writing of the complaint on June 16, 2021, Perry continues to suffer from the ill effects of COVID-19, including "chronic muscle pain . . ., shortness of breath, diarrhea, vision impairment and numbness in [his] right leg." (*Id.* ¶ 22.)

Over 300 staff members and inmates at HCC have been infected with COVID-19. (*Id.* ¶ 27.) Perry "is forced to sleep in quarters that are in open air dormitories, that house as few as fifty (50) and as many as seventy-five (75) prisoners on bunks that are as close as twenty-four inches apart from other prisoners . . . ." (*Id.* ¶ 28.)

Perry demands monetary damages and injunctive relief. (*Id.* at 7–8.)

### III. ANALYSIS

To state an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375,

1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Other courts have recognized that the "transmissibility of the COVID-19 virus in conjunction with [a prison's] dormitory-style housing—which places inmates within feet of each

5

other—and [a] medically-vulnerable [inmate's] health risks, presents a substantial risk that [a medically-vulnerable inmate] will be infected with COVID-19 and have serious health effects as a result, including, and up to, death." *Hill v. Whitmer*, No. 20–1835, 2021 WL 3877920, at *2 (6th Cir. Apr. 14, 2021) (alterations in original) (quoting *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)). Here, Perry has alleged similar circumstances. Accordingly, Perry has alleged that he is incarcerated under circumstances that pose a substantial risk of serious harm to his person.

Turning to the subjective prong, the question is whether Perry has plead sufficient facts to plausibly allege that the defendants have acted with deliberate indifference to the risk of infection. Perry indicates that both defendants are aware of the past and present risks to him through his informal complaint, his present lawsuit, and their supervisory positions. *See Farmer*, 511 U.S. at 844 (observing that "it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety"). Additionally, according to the complaint, the only measure the defendants have taken to abate the risk of infection is to require HCC personnel to measure their temperature prior to entering HCC. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (observing that a supervisor's response to a known risk may be so inadequate as to amount to deliberate indifference). Although thin, at this juncture, Perry's allegations, when liberally construed, are sufficient to show that the defendants acted with deliberate indifference.[3] Accordingly, the defendants' motion to dismiss will be denied. (ECF No. 17.)

---

[3] The defendants contend that Perry's allegations are insufficient to demonstrate their personal involvement because Perry used the collective term "'defendants' to identify purported wrongdoers." (ECF No. 18, at 8 (citing *Breyan v. Mental Health*, No. 2:17cv665, 2017 WL 1380647, at *2 (D.S.C. Mar. 24, 2017), *report and recommendation adopted*, No. 2:17cv665, 2017 WL 1374511 (D.S.C. Apr. 17, 2017).) However, in *Breyan*, the plaintiff "generally refer[red] to 'Mental Health' but [did] not identify any individual defendant. . . ." *Breyan*, 2017 WL 1380647, at *2; *see Roberson v. Thomas*, No. 2:11-3114, 2012 WL 786275, at *1 (D.S.C. Feb. 16, 2012) (dismissing nine prison officials and employees where the plaintiff did not allege any specific wrongdoing by any of the defendants), *report and recommendation adopted*, No. 2:11-3114, 2012 WL 786716 (D.S.C. Mar. 9, 2012). In the present case, Perry named only two individuals as

Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7 April 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

defendants, Director Clarke and Warden Hicks. Further, the complaint does not contain multiple, disparate claims for relief. Under these circumstances, while the use of the collective term "defendants" is not ideal, it is not so vague as to warrant the dismissal of the action.